

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable P. W. Minter
County Attorney
Jim Hogg County
Hebbronville, Texas

Dear Sir:

Opinion No. 0-5479
Re: A person not over the age
of ten years cannot be pun-
ished for violating the penal
laws of this State.

This will acknowledge receipt of your recent letter
from which we quote in part as follows:

"....

"FACTS:

"A boy over 9, but under 10 years of age, and
apparently having due discretion, commits a felony
offense other than perjury.

"LAW BRIEF:

"1. Art. 1, P. C., says the design of the
Penal Code is to define every offense, and to affix
to each offense its proper punishment. Art. 10,
P. C., provides no act can be punished as an of-
fense unless the law making it penal was in force
at the time of the act. Art. 30, P. C., provides
that no person shall be convicted of any offense
before he was 9 years old, except perjury, etc.;
nor of any other offense committed between the ages
of 9 & 13 years unless it appears that he had dis-
cretion sufficient to understand the nature and il-
legality of the act constituting the offense.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"2. Former Art. 1083, C. C. P. (now repealed-see below), defined a Delinquent Child as being any boy under 17, and any girl under 18 years of age, who violates any penal law of the State, etc. It should be noted that it did not fix a minimum age of 10 years, as does the amended law hereinafter cited.

"3. Art. 5143a, R. C. S. (Acts 1937, 45th. Leg., pg. 1328, ch. 492) expressly repealed above Art. 1083, C. C. P., and redefined a 'Delinquent Child' as being any boy between the ages of 10 & 17 years, or any girl between the ages of 10 & 18 years. Art. 2338-1, V. A. C. S. (Acts 1943, 48th. Leg., S. B. 44) again repealed Art. 1083, C. C. P., and again redefined a 'Delinquent Child' in the same way as next above stated. It is noted that no provision was made as to a child between 9 & 10 years of age in either of said last mentioned enactments, and apparently he cannot be punished as a 'Delinquent Child' under either.

"QUESTION:

"What law applies to a child between 9 & 10 years of age, who violates a penal statute, and what is his punishment?

". . . ."

We readily observe the apparent quandary created by the enactment of recent legislation pertaining to delinquent children as you have so aptly pointed out in your letter. However, we believe any ambiguity that might be present is clarified by reading said Senate Bill 44 and looking to the intent of the Legislature in reference thereto.

We quote in part from Senate Bill No. 44 as follows:

"Section 1. Purpose and Basic Principle. The purpose of this Act is to secure for each child under its jurisdiction such care, guidance and control, preferably in his own home, as will serve the child's welfare and the best interest of the state; and when such child is removed from his own family,

Honorable P. W. Minter, page 3

to secure for him custody, care and discipline as nearly as possible equivalent to that which should have been given him by his parents.

"The principle is hereby recognized that children under the jurisdiction of the court are wards of the state, subject to the discipline and entitled to the protection of the state, which may intervene to safeguard them from neglect or injury and to enforce the legal obligations due to them and from them.

"Sec. 2. Construction of the Act. This Act shall be liberally construed to accomplish the purpose herein sought.

"Sec. 3. Definitions. The word 'court' means the Juvenile Court'. The word 'Judge' means the Judge of the Juvenile Court. The term 'delinquent child' means any female person over the age of ten (10) years and under the age of eighteen (18) years and any male person over the age of ten (10) years and under the age of seventeen (17) years:

"(a) who violates any penal law of this state of the grade of felony;

"(b) or who violates any penal law of this state of the grade of misdemeanor where the punishment prescribed for such offense may be by confinement in jail;

"(c) or who habitually violates any penal law of this state of the grade of misdemeanor where the punishment prescribed for such offense is by pecuniary fine only;

"(d) or who habitually violates any penal ordinance of a political subdivision of this state;

" . . . .

"Sec. 12. Transfer from other Courts. If during the pendency of a criminal charge or indictment against any person in any other court than a

Juvenile Court, it shall be ascertained that said person is a female over the age of ten (10) years and under the age of eighteen (18) years, or is a male person over the age of ten (10) years and under the age of seventeen (17) years at the time of the trial for the alleged offense, it shall be the duty of such court to transfer such case immediately together with all papers, documents and testimony connected therewith to the Juvenile Court of said county. . . .

"  . . ..

"No adjudication upon the status of any child in the jurisdiction of the court shall operate to impose any of the civil disabilities ordinarily imposed by conviction, nor shall any child be deemed a criminal by reason of such adjudication, nor shall such adjudication be deemed a conviction, nor shall any child be charged with or convicted of a crime in any court. The disposition of a child or any evidence given in the court shall not be admissible as evidence against the child in any case or proceeding in any other court other than another Juvenile Court, nor shall such disposition or evidence operate to disqualify a child in any future civil service examination, appointment, or application.

"  . . . .

"Sec. 21.  Appeals.  An appeal may be taken by any part aggrieved to the Court of Civil Appeals, and the case may be carried to the Supreme Court by writ of error or upon certificate, as in other civil cases. . . .

"  . . . .

"Sec. 24.  Laws Repealed.  Articles 1083, 1084, 1085, 1086, 1088, 1089, 1090, 1091, 1092, 1093 of the Code of Criminal Procedure, and Article 1087 of the Code of Criminal Procedure as amended Acts 1927, 40th Legislature, Chapter 163, Section 1, are hereby repealed.

Honorable P. W. Minter, page 5

"Articles 2329 and 2338 of the Revised Civil Statutes of Texas, 1925, are hereby repealed.

"All laws and parts of laws in conflict herewith are also repealed.

". . . ." (Underscoring ours)

By reading Senate Bill No. 44, with particular emphasis upon the above quoted portions of the bill, it is quite evident that it was the intention of the Legislature to establish or formulate a comprehensive method of handling the juvenile offenders of the law. This all-inclusive manner of dealing with these youthful violaters was not to charge and criminally try them for the offenses they committed, but rather to bring them before a Juvenile Court and in an action of a civil nature try them for delinquency. The Legislature saw fit to place the minimum age of these delinquents at over ten years. It would thus follow that these offenders of the law not over the age of ten years, being under the age to be tried as a delinquent child, the only method of dealing with these juvenile offenders, would not be subject to any punishment.

It is therefore the opinion of this department that persons not over ten years of age cannot be punished for violating the penal laws of this State.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Fred C. Chandler*
Fred C. Chandler
Assistant

By *Robert O. Koch*
Robert O. Koch

APPROVED AUG 12, 1943

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

ROK:db